1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT FOR THE

9               EASTERN DISTRICT OF CALIFORNIA

10

11   NORBERTO CISNEROS,                     1:11-cv-01639-LJO-BAM (PC)

12          Plaintiff,
                                            ORDER TO SHOW CAUSE WHY ACTION
13   vs.                                    SHOULD NOT BE DISMISSED FOR
                                            FAILURE TO EXHAUST ADMINISTRATIVE
14   OLMOS, et al.,                         REMEDIES

15          Defendants.
                                            THIRTY-DAY DEADLINE
16   _____/

17   **I.      Screening Requirment**

18          Plaintiff Norberto Cisneros is a state prisoner proceeding pro se and in forma pauperis in

19   this civil rights action pursuant to 42 U.S.C. § 1983.  Currently before the Court is Plaintiff's

20   complaint, filed September 28, 2011. (ECF No. 1.)  On October 19, 2011, Plaintiff filed a motion

21   to consolidate cases into a class action and for appointment of counsel.[1]  (ECF No. 10.)

22          The Court is required to screen complaints brought by prisoners seeking relief against a

23   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

24   Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

25   "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks

26   _____

27          [1]The Court notes that two of the cases which Plaintiff seeks to consolidate, Good v. CDCR, 1:09-cv-01791-
     AWI-JLT (E.D.Cal.) (dismissed September 29, 2011 for failure to exhaust administrative remedies); Sanchez v.
28   Olmos, 1:11-cv-01653-LJO-JLT (E.D.Cal.) (dismissed October 18, 2011, for failure to exhaust administrative
     remedies), have been dismissed.

                                            -1-

1    monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

2    **II.      Discussion**

3         Plaintiff alleges that during the 100 days since he was transferred to the California

4    Correctional Institution he has only received showers on 17 days.  In the complaint, Plaintiff states

5    that his inmate appeal is still at the first level of review.

6         Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with

7    respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner

8    confined in any jail, prison, or other correctional facility until such administrative remedies as are

9    available are exhausted."  42 U.S.C. § 1997e(a).  Exhaustion of administrative remedies  is

10   required  regardless of the relief sought by the prisoner.  Booth v. Churner, 532 U.S. 731, 741

11   (2001).  Proper exhaustion is required so "a prisoner must complete the administrative review

12   process in accordance with the applicable rules, including deadlines, as a precondition to bringing

13   suit in federal court."  Ngo v. Woodford, 539 F.3d 1108, 1109 (9th Cir. 2008) (quoting Woodford

14   v. Ngo, 126 S. Ct. 2378,  2384 (2006)).

15        The Court takes judicial notice of the fact that the California Department of Corrections

16   and Rehabilitation has an administrative grievance system for prisoner complaints.  Cal. Code

17   Regs., tit. 15 § 3084.1 (2008).  The process is initiated by submitting a CDC Form 602.  Id. at §

18   3084.2(a).  During the relevant time period four levels of appeal were involved, including the

19   informal level, first formal level, second formal level, and third formal level, also known as the

20   "Director's Level."  Id. at § 3084.5.  Appeals had to be submitted within fifteen working days of

21   the event being appealed, and the process was initiated by submission of the appeal to the informal

22   level, or in some circumstances, the first formal level.  Id. at §§ 3084.5, 3084.6(c).

23        In order to satisfy section 1997e(a), California state prisoners are required to use the

24   available process to exhaust their claims prior to filing suit.  Woodford v. Ngo, 548 U.S. 81 (2006).

25   "[E]xhaustion is mandatory under the PLRA and . . . unexhausted claims cannot be brought in

26   court."  Jones v. Bock, 127 S. Ct. 910, 918-19 (2007) (citing Porter v. Nussle, 435 U.S. 516, 524

27   (2002)).  "All 'available' remedies must now be exhausted; those remedies need not meet federal

28   standards, nor must they be 'plain, speedy, and effective.'"  Porter, 534 U.S. at 524 (quoting Booth,

1  532 U.S. at 739 n.5).  There is no exception to the exhaustion requirement for imminent harm.  If

2  the court concludes that the prisoner has failed to exhaust administrative remedies, the proper

3  remedy is dismissal without prejudice, even where there has been exhaustion while the suit is

4  pending.  Lira, 427 F.3d at 1171.  Because it is clear from the face of Plaintiff's complaint that he

5  has not yet exhausted the administrative grievance procedure, this action must be dismissed.  42

6  U.S.C. § 1997e(a); Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003) ("A prisoner's

7  concession to nonexhaustion is a valid grounds for dismissal . . . ."); see also Davis v. Pineda, 347

8  Fed.Appx. 343 (9th Cir. 2009) (unpublished).

9  **IV.   Conclusion and Order**

10      Accordingly it is HEREBY ORDERED that Plaintiff show cause why this action should not

11  be dismissed for failure to exhaust administrative remedies within thirty (30) days of the date of

12  service of this order.  Failure to follow this order will result in the action being dismissed, without

13  prejudice.

14      IT IS SO ORDERED.

15  **Dated:   June 7, 2012**                    **/s/ Barbara A. McAuliffe**
                                                    UNITED STATES MAGISTRATE JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28