IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORBERTO CISNEROS, | 1:11-cv-01639-LJO-BAM (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DENYING PLAINTIFF'S MOTION FOR A COURT ORDER |
| vs. | |
| OLMOS, et al., | (ECF No. 13) |
| Defendants. | TWENTY DAY DEADLINE |
| _____ / | |

Plaintiff Norberto Cisneros is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action was filed on September 28, 2011. (ECF No. 1.) On June 7, 2012, an order issued requiring Plaintiff to show cause, within thirty days, why this action should not be dismissed for failure to exhaust administrative remedies. (ECF No. 12.) On June 18, 2012, Plaintiff filed a motion for an extension of time and a court order.[1] (ECF No. 13.)

Plaintiff is in the custody of the California Department of Corrections and Rehabilitation and is incarcerated at the West Valley Detention Center ("WVDC") in Rancho Cucamonga. The incidents alleged in the complaint occurred while Plaintiff was housed at the California Correctional Institution ("CCI") in Tehachapi. Plaintiff is requesting a court order directing officials at WVDC to allow him access to the law library.

---

[1] Plaintiff's motion for an extension of time shall be addressed by a separate order.

    The federal court's jurisdiction is limited in nature and its power to issue equitable orders may not go beyond what is necessary to correct the underlying constitutional violations which form the actual case or controversy.  18 U.S.C. § 3626(a)(1)(A); Summers v. Earth Island Institute, 555 U.S. 488, ___, 129 S.Ct. 1142, 1149 (2009); Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 103-04, 118 S.Ct. 1003 (1998); City of Los Angeles v. Lyons, 461 U.S. 95, 101, 103 S.Ct. 1660, 1665 (1983); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010).  Plaintiff's claim in this action arises from a past incident in which he alleges Defendants failed to provide him regular showers while he was confined at CCI.  The pendency of this action does not confer on the Court jurisdiction to issue an order directing prison officials at WVDC to provide Plaintiff with access to the law library, because such an order would not remedy the underlying legal claim.  18 U.S.C. § 3626(a)(1)(A); Summers, 129 S.Ct. 1142 at 1149; Steel Co., 523 U.S. at 103-04; Lyons, 461 U.S. at 101; Mayfield, 599 F.3d at 969.[2]

    Accordingly, based on the foregoing, IT IS HEREBY RECOMMENDED that Plaintiff's motion for an order directing that he be provided with access to the law library be denied for lack of jurisdiction.

    These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within twenty (20) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

    IT IS SO ORDERED.

    Dated:   **June 19, 2012**              /s/ **Barbara A. McAuliffe**
                                                           UNITED STATES MAGISTRATE JUDGE

---

[2] The Court notes that although Plaintiff alleges that he is being refused access to the law library, his motion is dated June 12, 2012, only six days after the order was mailed to Plaintiff.  Plaintiff is advised that to the extent he alleges a court order is required for him to receive library access, he needs to provide prison officials with a copy of the order showing his court deadline.