1
2
3
4
5
6
7
8          IN THE UNITED STATES DISTRICT COURT FOR THE
9               EASTERN DISTRICT OF CALIFORNIA
10
11   NORBERTO CISNEROS,                      1:11-cv-01639-LJO-BAM (PC)
12          Plaintiff,                       ORDER DENYING MOTION TO
                                             CONSOLIDATE AS CLASS ACTION AND
13   vs.                                     APPOINTMENT OF COUNSEL
14   OLMOS, et al.,                          (ECF No. 9)
15          Defendants.
16   _____/

17          Plaintiff Norberto Cisneros is a state prisoner proceeding pro se and in forma pauperis in

18   this civil rights action pursuant to 42 U.S.C. § 1983.  This action was filed on September 28,

19   2011, and on October 9, 2011, Plaintiff filed a motion to consolidate and certify this as a class

20   action.  (ECF Nos. 1, 9.)  On June 7, 2012, an order to show cause issued why this action should

21   not be dismissed for failure to exhaust administrative remedies.  (ECF No. 12.)

22          Plaintiff seeks certification of this litigation as a class action.[1]  Plaintiff is not an attorney

23   and he is proceeding without counsel.  A pro se litigant simply cannot "fairly and adequately

24   protect the interests of the class."  Fed. R. Civ. P. 23(a)(4); Fymbo v. State Farm Fire & Casualty

25
26          _____
27          [1]Two of the cases which Plaintiff requests be consolidated have been dismissed, Good v. California Dep't
     of Corrections, 1:09-cv-01791-AWI-JLT (E.D.Cal.) (Dismissed September 29, 2011 for failure to exhaust
     administrative remedies) and Sanchez v. Olmos, 1:11-cv-01653-LJO-JLT (E.D. Cal) (dismissed October 18, 2011
28   for failure to exhaust administrative remedies).  The court denied a similar motion for certification as a class action
     in Hernandez v. Olmos, 1:11-cv-01495-LJO-GBC (E.D.Cal. Oct. 14, 2011).

1  Co., 213 F.3d 1320, 1321 (2000).  This rule becomes almost absolute when, as here, the putative

2  class representative is incarcerated and proceeding pro se.  Oxendine v. Williams, 509 F.2d 1405,

3  1407 (4th Cir. 1975).  While a non-attorney proceeding pro se may bring his own claims to court,

4  he may not represent others.  E.g., Simon v. Hartford Life, Inc., 546 F.3d 661, 664-65 (9th Cir.

5  2008); Fymbo, 213 F.3d at 1321; Johns v. County of San Diego, 114 F.3d 874, 876 (9th Cir.

6  1997); C. E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987).

7       Further, while the Federal Rules of Civil Procedure allow for joinder, in the Court's

8  experience an action brought by multiple plaintiffs in which one or more of the pro se plaintiff's

9  are incarcerated presents procedural problems that will cause delay and confusion.  Delay will

10  result from the transfer of inmates to different institutions or release on parole and the difficulties

11  inmates face when attempting to communicate with each other and other incarcerated

12  individuals.  Additionally, the requirement that the plaintiffs agree on all filings and the need for

13  original signatures by the parties will lead to delay and confusion.  Therefore, Plaintiff's request

14  for consolidation and class action certification is denied.

15       Plaintiff also requests appointment of counsel.  The United States Supreme Court has

16  ruled that district courts lack authority to require counsel to represent indigent prisoners in §

17  1983 cases.  Mallard v. United States District Court for the Southern District of Iowa, 490 U.S.

18  296, 298, 109 S.Ct. 1814, 1816 (1989).  In certain exceptional circumstances, the court may

19  request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Rand v.

20  Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997).  Without a reasonable method of securing and

21  compensating counsel, this court will seek volunteer counsel only in the most serious and

22  exceptional cases.

23       In the present case, the court does not find the required exceptional circumstances.  See

24  Rand, 113 F.3d at 1525.  Even if it is assumed that Plaintiff is not well versed in the law and that

25  he has made serious allegations which, if proved, would entitle him to relief, his case is not

26  exceptional.  This court is faced with similar cases almost daily.  Therefore, Plaintiff's request for

27  the appointment of counsel shall be denied.

28  /////

In accordance with the above, Plaintiff's request for certification as a class action and the appointment of counsel is HEREBY DENIED.

IT IS SO ORDERED.

Dated:   __July 17, 2012__      _____/s/ **Barbara A. McAuliffe**_____
                                                UNITED STATES MAGISTRATE JUDGE

-3-