IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORBERTO CISNEROS, | 1:11-cv-01639-LJO-BAM (PC) |
| Plaintiff, | ORDER DENYING MOTION TO CONSOLIDATE AS CLASS ACTION AND APPOINTMENT OF COUNSEL |
| vs. | |
| OLMOS, et al., | (ECF No. 9) |
| Defendants. | |
| _____ / | |

Plaintiff Norberto Cisneros is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action was filed on September 28, 2011, and on October 9, 2011, Plaintiff filed a motion to consolidate and certify this as a class action. (ECF Nos. 1, 9.) On June 7, 2012, an order to show cause issued why this action should not be dismissed for failure to exhaust administrative remedies. (ECF No. 12.)

Plaintiff seeks certification of this litigation as a class action.[1]  Plaintiff is not an attorney and he is proceeding without counsel. A pro se litigant simply cannot "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4); Fymbo v. State Farm Fire & Casualty

---

[1] Two of the cases which Plaintiff requests be consolidated have been dismissed, Good v. California Dep't of Corrections, 1:09-cv-01791-AWI-JLT (E.D.Cal.) (Dismissed September 29, 2011 for failure to exhaust administrative remedies) and Sanchez v. Olmos, 1:11-cv-01653-LJO-JLT (E.D. Cal) (dismissed October 18, 2011 for failure to exhaust administrative remedies). The court denied a similar motion for certification as a class action in Hernandez v. Olmos, 1:11-cv-01495-LJO-GBC (E.D.Cal. Oct. 14, 2011).

-1-

1  Co., 213 F.3d 1320, 1321 (2000).  This rule becomes almost absolute when, as here, the putative
2  class representative is incarcerated and proceeding pro se.  Oxendine v. Williams, 509 F.2d 1405,
3  1407 (4th Cir. 1975).  While a non-attorney proceeding pro se may bring his own claims to court,
4  he may not represent others.  E.g., Simon v. Hartford Life, Inc., 546 F.3d 661, 664-65 (9th Cir.
5  2008); Fymbo, 213 F.3d at 1321; Johns v. County of San Diego, 114 F.3d 874, 876 (9th Cir.
6  1997); C. E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987).

7  Further, while the Federal Rules of Civil Procedure allow for joinder, in the Court's
8  experience an action brought by multiple plaintiffs in which one or more of the pro se plaintiff's
9  are incarcerated presents procedural problems that will cause delay and confusion.  Delay will
10 result from the transfer of inmates to different institutions or release on parole and the difficulties
11 inmates face when attempting to communicate with each other and other incarcerated
12 individuals.  Additionally, the requirement that the plaintiffs agree on all filings and the need for
13 original signatures by the parties will lead to delay and confusion.  Therefore, Plaintiff's request
14 for consolidation and class action certification is denied.

15 Plaintiff also requests appointment of counsel.  The United States Supreme Court has
16 ruled that district courts lack authority to require counsel to represent indigent prisoners in §
17 1983 cases.  Mallard v. United States District Court for the Southern District of Iowa, 490 U.S.
18 296, 298, 109 S.Ct. 1814, 1816 (1989).  In certain exceptional circumstances, the court may
19 request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Rand v.
20 Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997).  Without a reasonable method of securing and
21 compensating counsel, this court will seek volunteer counsel only in the most serious and
22 exceptional cases.

23 In the present case, the court does not find the required exceptional circumstances.  See
24 Rand, 113 F.3d at 1525.  Even if it is assumed that Plaintiff is not well versed in the law and that
25 he has made serious allegations which, if proved, would entitle him to relief, his case is not
26 exceptional.  This court is faced with similar cases almost daily.  Therefore, Plaintiff's request for
27 the appointment of counsel shall be denied.
28 /////

1 | In accordance with the above, Plaintiff's request for certification as a class action and the
2 | appointment of counsel is HEREBY DENIED.
3 | IT IS SO ORDERED.
4 | **Dated:** **July 17, 2012**          /s/ **Barbara A. McAuliffe**
         UNITED STATES MAGISTRATE JUDGE