1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9    NORBERTO CISNEROS,            CASE NO. 1:11-cv-01639-LJO-BAM (PC)

10                Plaintiff,       ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND

11     v.

12                             AMENDED COMPLAINT DUE WITHIN THIRTY (30) DAYS

13    OLMOS, et al.,

14                             ORDER DISCHARGING ORDER TO SHOW CAUSE

15              Defendants.      (ECF Nos. 1, 12)

                           /

16

17       Plaintiff Norberto Cisneros ("Plaintiff") is a state prisoner proceeding pro se and in forma

18 pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on

19 September 28, 2011. (ECF No. 1.) The complaint is presently before the court for screening. As

20 discussed below, Plaintiff's complaint is dismissed for failure to state a claim with leave to amend.[1]

21 **II.**    **Screening Requirement**

22       The Court is required to screen complaints brought by prisoners seeking relief against a

23 governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

24 Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

25 "frivolous, malicious," fail to state a claim upon which relief may be granted, or seek monetary relief

26

27        [1]On June 7, 2012, the Court issued an order for Plaintiff to show cause why this action should not be dismissed for failure to exhaust administrative remedies. (ECF No. 12.) Plaintiff did not respond. Given the instant screening order dismissing Plaintiff's complaint with leave to amend for failure to state a claim, the show cause order is HEREBY DISCHARGED.

28

from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). To state a viable claim, Plaintiff must set forth factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Moss, 572 F.3d at 969.

**III.    Summary of Plaintiff's Complaint**

Currently, Plaintiff is housed at the West Valley Detention Center in Rancho Cucamonga, California. The events giving rise to this action occurred while Plaintiff was housed at California Correctional Institution ("CCI") in Tehachapi, California. Plaintiff names CCI correctional officers Olmos, Acosta and Clinerd as Defendants. In his complaint, Plaintiff alleges that Defendants Olmos, Acosta and Clinerd work at CCI's Unit #2, Level 3 yard and that they are responsible for passing out food trays, supplies, toilet paper, soap, and mail and for making sure inmates shower on a regular basis during "lock down situations." (ECF No. 1.) Plaintiff claims that after arriving at Unit #2 on June 14, 2011, he had not been "showered regularly," his showers were one to two weeks apart and he had only showered 17 times in 100 days.

Plaintiff seeks compensatory and punitive damages, along with an injunction to receive regular showers.

**IV.    Discussion**

**1.    Eighth Amendment**

The Eighth Amendment protects prisoners from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). "[R]outine discomfort inherent in the

prison setting" does not rise to the level of a constitutional violation. Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000). Instead, extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994); Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992). Substantial deprivations of shelter, food, drinking water, or sanitation over an extended time are sufficiently serious to satisfy the objective component of an Eighth Amendment claim. Johnson v. Lewis, 217 F.3d 726, 732–33 (9th Cir. 2000).

Plaintiff's allegations regarding showers every one or two weeks fail to state an Eighth Amendment claim. Plaintiff does not allege sufficient facts to suggest that he was subjected to a substantial deprivation of all sanitation over an extended time or that he was unable to attend to basic hygiene on those days he did not shower. See Keenan v. Hall, 83 F.3d 1083, 1091 (9th Cir. 1996) (noting Eighth Amendment right to personal hygiene, including right to personal hygiene supplies for indigent inmates).

### 2.   Injunctive Relief

Plaintiff seeks injunctive relief to "get on a regular shower program" and stop the harassment by defendants. (ECF No. 1.)  However, Plaintiff is no longer incarcerated at CCI.  Transfer to another prison renders the request for injunctive relief moot absent some evidence of an expectation of being transferred back. Andrews v. Cervantes, 493 F.3d 1047, 1053 n. 5 (9th Cir. 2007). Accordingly, absent an allegation evidencing an expectation of Plaintiff being transferred back to CCI, his request for injunctive relief is moot.

## V.   Conclusion and Order

Plaintiff's complaint fails to state a claim upon which relief may be granted.  However, the Court will provide Plaintiff with the opportunity to file an amended complaint. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal, 556 U.S. at 676. Plaintiff also must set forth "sufficient factual matter . . . to 'state a claim that

1   is plausible on its face.'" Id. at 678. (quoting Twombly, 550 U.S. at 555).

2       Plaintiff should note that although he has been given the opportunity to amend, it is not for

3   the purposes of adding new, unrelated claims.  In addition, Plaintiff should take care to include only

4   those claims that have been exhausted prior to the initiation of this suit.

5       Finally, Plaintiff is advised that pursuant to Local Rule 220, the amended complaint must

6   "complete in itself without reference to the prior or superseded pleading," Local Rule 220.  Once

7   an amended complaint is filed, the original complaint no longer serves any function in the case.  The

8   amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the

9   appropriate case number, and be an original signed under penalty of perjury.

10      Based on the foregoing, it is HEREBY ORDERED that:

11      1.      The Clerk's Office shall send Plaintiff a complaint form;

12      2.      Plaintiff's complaint is dismissed for failure to state a claim, with leave to file a first

13              amended complaint within **thirty (30) days** from the date of service of this order; and

14      3.      If Plaintiff fails to comply with this order, the Court will dismiss this action for

15              failure to obey a court order and failure to state a claim.

16      IT IS SO ORDERED.

17   **Dated:   January 22, 2013**              **/s/ Barbara A. McAuliffe**

18                                         UNITED STATES MAGISTRATE JUDGE

19

20

21

22

23

24

25

26

27

28

4