UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORBERTO CISNEROS,<br><br>    Plaintiff,<br><br>    v.<br><br>OLMOS, et al.,<br><br>    Defendant. | Case No.: 1:11-cv-01639-LJO-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL<br><br>(ECF No. 22)<br><br>TWENTY-ONE DAY DEADLINE |

Plaintiff Norberto Cisneros ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on September 28, 2011. On January 22, 2013, the Court issued an order dismissing Plaintiff's complaint for failure to state a claim with leave to amend. (ECF No. 22.) On February 4, 2013, the order was returned by the United States Postal Service as undeliverable and unable to forward.

Pursuant to Local Rule 183(b), a party appearing in propria persona is required to keep the Court apprised of his or her current address at all times. Local Rule 183(b) provides, in pertinent part:

> If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

1

1  In the instant case, more than sixty-three days have passed since Plaintiff's mail was returned,
2  and he has not notified the Court of a current address.

3  Local Rule 110 provides that a "failure . . . of a party to comply with these Rules or with any
4  order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within
5  the inherent power of the Court." District courts have the inherent power to control their dockets and
6  "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . .
7  dismissal." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an
8  action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order,
9  or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995)
10 (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir.
11 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Malone v.
12 U.S. Postal Service, 833 F.2d 128, 130-33 (9th Cir. 1987) (dismissal for failure to comply with court
13 order).

14 In determining whether to dismiss an action for lack of prosecution, the Court must consider
15 several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to
16 manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition
17 of cases on their merits; and (5) the availability of less drastic sanctions. Henderson v. Duncan, 779
18 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439 (9th Cir. 1988).

19 In this instance, Local Rule 183(b) provides for the dismissal of an action based on returned
20 mail. Given the Court's inability to communicate with Plaintiff, dismissal is warranted and there are
21 no other reasonable alternatives available. See Carey, 856 F.2d at 1441.

22 Accordingly, it is HEREBY RECOMMENDED that this action be DISMISSED without
23 prejudice based on Plaintiff's failure to prosecute

24 These Findings and Recommendations will be submitted to the United States District Judge
25 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **twenty-one (21)**
26 **days** after being served with these Findings and Recommendations, Plaintiff may file written
27 objections with the court. The document should be captioned "Objections to Magistrate Judge's
28 Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified

time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

    Dated:   **April 29, 2013**                   /s/ *Barbara A. McAuliffe*
                                                    UNITED STATES MAGISTRATE JUDGE